NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada

NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada

Chantal Jenkins, PASBN 307531
Special Assistant United States Attorney
160 Spear Street, Suite 800
San Francisco, California 94105
Telephone: (415) 977-8931
Facsimile: (415) 744-0134
E-Mail: Chantal.Jenkins@ssa.gov

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES C. BUTCHER, <br><br> Plaintiff, <br><br> vs. <br><br> ANDREW SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No.: 2:20-cv-00875-BNW <br><br> **[UNOPPOSED] MOTION FOR EXTENSION OF TIME TO FILE CERTIFIED ADMINISTRATIVE RECORD AND ANSWER; DECLARATIONS OF JEBBY RASPUTNIS AND CHRISTIANNE VOEGELE; [PROPOSED] ORDER** <br><br> (*SECOND REQUEST*) |

Defendant, Andrew Saul, Commissioner of Social Security (the "Commissioner"), by and through his undersigned attorneys, hereby moves for a 60-day extension of time to file an Answer to Plaintiff's Complaint and the electronic Certified Administrative Record (eCAR), changing the date on which the Answer is due from the current due date of October 30, 2020, to the new due date of December 29, 2020. This is Defendant's second request for an extension. The Court granted Defendant's previous request for an extension on August 31, 2020. Counsel for Defendant contacted Counsel for Plaintiff on October 26, 2020, who confirmed that Plaintiff does not object to this request.

Defendant makes this request in good faith and for good cause, because the eCAR, which must be filed with the Answer and is necessary to adjudicate the case, is not yet available. The public health emergency pandemic caused by COVID-19 has significantly impacted operations in the Social Security Administration's Office of Appellate Operations (OAO) in Falls Church, Virginia, which is responsible for producing the eCAR that must be filed with the Answer, per 42 U.S.C. §§ 405(g) and (h). Prior to the COVID-19 pandemic, to safeguard Personally Identifiable Information (PII), all hearing recordings, which are part of the administrative record, were downloaded onto compact discs and encrypted. OAO securely routed the encrypted discs to a private contractor through a daily pickup and delivery service at the Official Duty Station (ODS) in Falls Church, Virginia. The private contractor would transcribe the hearing recording and send the paper copy of the hearing transcript back to OAO. OAO personnel would then scan the hearing transcript into the electronic record or place the hearing transcript in the paper case file. Thereafter, OAO personnel would assemble the administrative record in a prescribed order. After the advent of COVID-19, the Agency has taken a number of concrete steps to transition its years-old in person CAR preparation process to a fully virtual one.

As detailed in the attached declarations from Jebby Rasputnis, Executive Director of the OAO, and Christianne Voegele, Chief of the Court Case Preparation and Review Branch 1, and Acting Chief of

the Court Case Preparation and Review Branch 3, of OAO, OAO has been actively pursuing mitigation efforts to allow the remote preparation of administrative records to ensure a continuity of operations. For cases in which the private contractors were already in possession of hearing recordings for transcription, with the assistance of the Office of Acquisitions and Grants (OAG), OAO received approval to receive these transcripts from the private contractors via secured email, e.g., using password protection and redacted Social Security Numbers. In April 2020, OAO began receiving such hearing transcripts from private contractors via secured email.

For cases in which OAO had not yet submitted recordings to the private contractors before March 16, 2020, OAO has been pursuing all available options to obtain transcriptions for these cases. In May 2020, OAO began encrypting hearing recordings and securely emailing them to the contractors for transcription. Through the month of May, OAO and the contractors worked to resolve technical issues that arose, particularly with large files.

As indicated by the Rasputnis declaration, the Commissioner must navigate and overcome five simultaneous challenges as it transitions the preparation of eCARs from an in-person process to a completely virtual one:

1. Obtaining the appropriate technology, subject to Federal purchasing rules;

2. Retraining staff on the new procedures and new technology, which differ quite dramatically from the old ones;

3. Adhering to the Federal government protections for personally identifiable information (PII);

4. Working with outside vendors for transcription services, including obtaining a new vendor subject to Federal contracting rules; and

5. Completing security clearance processes for any new employees *and* any employees of new vendors before allowing access to PII and other sensitive information of the vendors. While the agency

Unopposed Mot. for Ext (Second Request); *Butcher v. Saul*, No. 2:20-cv-00875-BNW        2

has worked hard to overcome challenges related to this transition, the agency estimates that it is producing CARs at approximately one-third of the level of production pre-COVID, with the hopes of increasing that rate over the next several weeks.

In March, April, and May 2020, during the initial stages of the pandemic, Defendant requested a 90-day extension when the CAR was unavailable.  Now that OAO has regained some capability of producing transcripts, the Commissioner has reduced the length of extension requested to 60 days.  In this case, given the volume of pending cases, Defendant requests a 60-day extension in which to respond to the Complaint.

Accordingly, the Commissioner requests that this Court grant his motion for a 60-day extension in which to file an Answer and lodge the eCAR, changing the date on which the Answer is due from the current due date of October 30, 2020, to the new due date of December 29, 2020.  Counsel for Defendant further states that the Office of General Counsel (OGC) is monitoring receipt of transcripts on a daily basis and is committed to filing Answers promptly upon receipt and review of the administrative records. Counsel for Defendant apologizes to the Court and Counsel for Plaintiff for any inconveniences caused by this delay.

Dated:  October 26, 2020

**IT IS SO ORDERED**

**DATED:** 4:34 pm, October 30, 2020

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney

/s/ *Chantal R. Jenkins*
Chantal R. Jenkins
Special Assistant United States Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Unopposed Mot. for Ext (Second Request); *Butcher v. Saul*, No.  2:20-cv-00875-BNW    4

## **CERTIFICATE OF SERVICE**

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 160 Spear Street, Suite 800, San Francisco, California 94105. I am not a party to the above-entitled action. On the date set forth below, I caused service of **UNOPPOSED MOTION AND PROPOSED ORDER FOR EXTENSION OF TIME TO FILE CERTIFIED ADMINISTRATIVE RECORD AND ANSWER; DECLARATION OF JEBBY RASPUTNIS;** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which provides electronic notice of the filing:

> Hal Taylor
> 223 Marsh Avenue
> Reno, NV 89509
> 775-825-2223
> Fax: 775-329-1113
> Email: haltaylorlawyer@gbis.com

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 26, 2020

>                /s/ *Chantal R. Jenkins*
>                CHANTAL R. JENKINS
>                Special Assistant United States Attorney